May it please the Court, my name is Judith Lott, and I'm here appearing on behalf of the petitioner, Radha Mani. The gravamen of my argument this morning is that it is contradictory for one government agency to find that removal of Ms. Mani would result in extreme hardship to her, while we have another agency arguing that this person has no relief from removal. Before I proceed with argument, I'd like to address this Court's order of January 7, 2010, when I was requested to bring in copies of DHS action pertaining to Ms. Mani, specifically the approval of her battered spouse petition and the deferral of removal order issued at August 8, 2006, and I do have those. I can make them available to the Court at any time before or after argument. I'll make them available to the deputy clerk at the conclusion of argument. Thank you. The Court has also asked us to prepare supplemental briefs with regard to this Court's jurisdiction to review extraordinary circumstances. Can you move the mic a little closer to you? Closer? It not only records, it amplifies. So the government and I have each done that, and the only area that I can find that we have found some agreement is pursuant to the most recent 2005 case, which is Husayev v. Mukasey. In Husayev, this Court has found that there is jurisdiction to review extraordinary circumstances so long as there's a mixed question of fact and law, and a question involving application of law to facts. But in this case, Ms. Lott, the government has never conceded the factual allegations of your client and her former husband, have they? They have not. But my argument this morning is that the approval of the I-360, in a sense, does that for them. Can I ask you to speak just a little louder and a little slower? I apologize. So your position is that the I-360 solves the problem, that that's what makes it a mixed question of fact and law, as opposed to one of disputed fact, in which case we have to go with the fact issue first? Yes. Now, I concede that when this petition was filed, the I-360 was not approved. However, it is now, but we've been hesitant to file another motion to reopen because the Board was very clear in its decision that money is barred. Can we take the I-360 into account since it was not part of the record? Well, I believe we can, and I believe that's why, well. I know you can't, but can we as a reviewing court? I digress. When the petition was first filed, the motion to reopen that had been denied was based on a filed I-360. Now, the motion to reopen was bare bones, but the meat of the I-360 application was the declaration of the petitioner wherein she disclosed that until August 4, 2004, she was virtually a prisoner to her husband. She had no identification. She had no financial resources. And she was battered. I respect that. Ms. Lott, my concern is you've asked us to find that we have jurisdiction, I guess, based on Spencer, because this is a mixed question of fact or law. But we don't get to that if we have a denied fact. You say your client made the allegations at the IJ hearing that ultimately became the gravamen of the I-360, but the I-360 had not yet been issued. As I understand it, we have to stay within the record. So I'm concerned how we get to where you want us to get on this point. Well, my position is that the Board of Immigration Appeal didn't even open past the statement of the law, that it didn't review the facts that were set forth in the declaration of the — of Monty. It didn't review the criminal proceedings that had been filed against the husband. It didn't review the fact that the district attorney had charges pending against the husband at the time. And I — forgive me. I don't mean to be argumentative because I have great empathy for your client. But you've got a situation here where the order of removal became final, by my record, December 10, 2003. She didn't file her motion to reopen until April 25, 2005, quite some time later. And so we're stuck with this issue of the discretion of the attorney general. It's really the attorney general that has the discretion to open this up. Based on the analysis of Spencer, I'm troubled. Help me get past that problem. How do we have jurisdiction in this case? Because the facts set forth in the declaration attached to the motion to reopen that were virtually ignored set forth the reasons for the late filing and reasons to apply the extraordinary — the — I'm sorry — the waiver of time. But isn't that where the discretion of the attorney general comes in? Whether you agree or don't agree with the attorney general, this is a statute that seems, by its wording, to let the attorney general decide whether there are extraordinary circumstances. Is that incorrect? No, that's correct. But my reading of the case law that the Court has asked us to brief, actually two points. The most recent case, which I cited earlier, seems to indicate that this Court has jurisdiction to review even a purely discretionary question. And this Court has found that the Real ID Act — And what case is that? That's the one I cited at the — Hussiev v. Mukasey. That's — that can be found in my supplemental brief at page 5. The Court held that the Real ID Act has increased this Court's jurisdiction to review purely discretionary — Right. But that case right relied on Ramadan and didn't deal with this particular statute, did it? No. But if I may digress to Wong v. Gonzalez. This is a case that deals with the VAWA Act of 1996 and is just full of congressional intent arguments that are not yet law that say, why are we taking the most vulnerable of society and stripping away from these people the ability to have their claims reviewed? And I — look, I'm no fan of our immigration laws. There are some horrendous decisions that we're called upon to make that make your heart just break. But we don't write the laws. We're here to declare the laws and enforce what the Congress decides. I'd love you to tell me how we have jurisdiction, and I honestly am not seeing  So that's what I'm hoping for, is that you can show me a way that we can be helpful to your client within the law. I don't think the facts set forth in her motion to reopen were even looked at or considered when Attorney Michael Steinberg, who I know very well, fired off his two opposition to the motion, which was — it was not complementary to me, but it didn't address any of the facts that were raised by the affidavits. One of the things that we do when we want a motion reopened is not sit here and cite the law. We give them the section of law that's applicable, and then we supplement this with human statements. This is the same thing for somebody who misses a court date or somebody whose attorney has been — Then you ultimately get back to the discretion of the attorney general, who takes what you say, makes an evaluation, and a decision. I think they should have addressed the facts rather than just to make a blanket statement that this — Do you have any proof that no one addressed the facts? I mean, maybe not in writing, but that they didn't consider them. Well, in the reading of the government's opposition, which appears in the record at Exhibits 4 and 5, it's just making fun of the motion. It doesn't talk anything about the underlying facts which relate to the filing of the motion. You're down to under a minute. Would you like to save some time for rebuttal? I would, Your Honor. Thank you. We'll hear from the government at this time. Good morning. May it please the Court. My name is Audrey Hemesath on behalf of the Respondent Attorney General. Move the microphone up a little bit. Better. That's better. Thank you. There are two sets of undisputed facts — pardon me, disputed facts in this case. The first are the historical facts relating to the alleged abuse. The second is the perhaps even more important linkage to the delay in filing the motion to reopen. So even if we were to accept as true the historical facts of the abuse, we are still left with a dispute as to whether that abuse caused the late filing to the Board of Immigration Appeals. I'm interested in your use of the word if. The Department of Homeland Security has found that the allegations about battered spouse are sustained, correct? They have — Citizenship and Immigration Services has approved the petition. This is subsequent to the Board of Immigration Appeals decision. The last time I checked, USCIS was part of Homeland Security. That's correct. Has that changed? It has not changed. I'm just trying to make it possible. So an arm of the Department of Homeland Security has said that her — the Petitioner's allegations about being a battered spouse are correct. Is that right? They have granted the petition. They've granted the petition, which means they've approved the petition, correct? Correct. And as we sit here today, what's the status of the husband? The husband is a United States citizen. So he was a lawful permanent resident. The ex-husband. He is now a United States citizen. He has been a United States citizen the entire time of this first petition, then lawsuit. He petitioned for her first. Then he withdrew that petition, and she self-petitioned as a battered spouse. So that's the procedural history. Her option now, with a final order of removal, and she actually applied to adjust status based on the self-petition, that application was rejected because jurisdiction lies with the Executive Office for Immigration Review, which is part of the Department of Justice, once a final order of removal is in place. So her option now is to return to Fiji, use the approved visa petition, and apply to the embassy there for an immigrant visa to the United States. Meanwhile, her husband, who committed the battering, is here safe and sound. He's a United States citizen, has been all along. There's really nothing that — that's really neither here nor there. Why wouldn't the government be willing to mediate this case? Why put this woman through the process you've just described, after all she's been through? Because the issue presented to this Court is a jurisdictional issue, and the government maintains it's a jurisdictional issue. I understand that. It happens all the time. Right. We have people who have approved I-130s or other petitions, and we occasionally ask the parties to mediate. And at least in the last year or so, the DHS has seemed to be more willing to do that. Yes. The candid answer — You're asking them to connect the dots. The candid answer is that in this case, Citizenship Immigration Services, through the VAWA Violence Against Women Program, has approved the visa petition. Immigration Customs Enforcement, which is the enforcement branch, simply does not believe the historical facts of the abuse. So you have two different components of the Department of Homeland Security at odds on the historical facts of this case. Can I go to this question you were raising when Judge Hawkins raised his question? I understood you to say that even if you accept as true the facts in the I-360, which was not part of the record — Right. — that there is no evidence that the battery caused the delay in filing. Is that correct? Did I understand correctly? Nothing presented to the Board to show that linkage. Is there a requirement under the regulations or the law that that must be the case? In other words, that she has the burden to show that it was the battery that caused the delay in filing? Sure. Because the term extraordinary circumstances encompasses the idea that the historical facts of abuse have caused the delay in filing and that the delay is permissible beyond a year because of this linkage. If we were to go back to what Ms. Lott indicated, that she says that we've got this 360 here. The government, as you've indicated to Judge Hawkins, has accepted that fact, at least part of the DHS has done that. That, she believes, constitutes a mixed question of fact and law and that we can have  What's wrong with that argument? What's wrong with that argument is that, number one, Immigration and Customs Services has, throughout this lawsuit, opposed the or has disputed the historical facts of the case and opposed the motion to reopen before the Board. So that's the record that's coming to this Court. So ICE is saying to the coordinate branch of DHS, we don't believe what you have found to be true. Is that right? Yes. And stated otherwise, they intend to We're supposed to say that's okay. You're supposed to say you don't have jurisdiction over the question. Can I ask you, there are two January cases on jurisdiction, which you undoubtedly didn't have a chance to brief, but I don't know whether you've, even whether they've come across your desk. One is one of the inevitably named Singh, which there are many, but this is an opinion by Judge Berzon. It's 2010 WL47359. Do you know, did you ever see a Singh case decided this month? I apologize. I don't know Singh. I think I may know the second one, which is Toslini. That's right. Well, you're on the right track. And I think we may want to ask you and counsel on the other side to brief these. They seem to me quite relevant on the jurisdictional thing. I agree. You know, courts are not terribly friendly towards things that are labeled jurisdiction-slipping. This means less work, but somehow they're not warmly received. So as you've seen, the Ninth Circuit has not been very eager to embrace the idea. I understand. And I agree it's a difficult needle to thread for the government now under Ramadan to say the Court lacks jurisdiction. But the clear line that the Court has created is the one that Judge Smith is referring to, which is the undisputed facts versus disputed facts. I'm not aware of any Ninth Circuit case that falls under the disputed facts, therefore no jurisdiction to review the discretionary. But this case is, in my opinion, that case. The historical facts are disputed. The motion was opposed by Immigration Customs Enforcement throughout. And the Toslini case, although it is against the government, draws the same line, disputed versus undisputed facts. Are there no further questions? Okay. I don't see any. Thank you for coming in today. Rebuttal? We'll give you a minute. Thank you. I wasn't able to make this point earlier, but I'll make it quickly now that one of the requirements that one must prove in order to have an I-360 petition approved is that removal will result in extreme hardship to the person. So what we're seeing here is that on one hand, we found that removal to Mani will cause extreme hardship, yet on the other hand, the government is asking that this case be dismissed, which would result, obviously, in her removal. Quickly, I want to point to page 28 in the record, which clearly shows that this husband, Nirmbi Narayan, was a legal permanent resident at the time that he married and petitioned for Ms. Mani. He has become a U.S. citizen subsequently, and I'm quite shocked, honestly. Page 30 of the administrative record shows the filing of the district attorney. So this is not only DOJ disputing the facts as set forth by Mani, but also somehow claiming that the district attorney has filed some kind of fraudulent petition against the husband. My position remains that the facts of this case were never reviewed. Michael Steinberg looked at my motion, thought it was lacking, and that's the extent of it. Now, counsel has said it's been opposed throughout. It's been opposed by one two-paragraph motion by a colleague who I know pretty well who I think wanted to embarrass me. Roberts. Okay. Thank you. All right. The case disargued will await further order of the Court. You can anticipate that we'll send out an order requesting supplemental briefing on the cases that Judge Noonan mentioned. Thank you both for coming in today.
judges: Noonan, Hawkins, M Smith